# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2014

Lyle W. Cayce
Clerk

CECILIA ARANDA,

Plaintiff - Appellant

v.

DAL-TILE CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-489

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Cecilia Aranda ("Aranda") appearing *pro se*, appeals the district court's grant of summary judgment in favor of Defendant-Appellee Dal-Tile Corporation ("Dal-Tile") on her employment discrimination and workplace injury claims. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50205

Although Aranda asserted numerous claims, only four are briefed sufficiently to require discussion. First, Aranda claims that her immediate supervisor and other Dal-Tile employees subjected her to a hostile work environment on the basis of sex, race, and disability. After reviewing the record in its entirety, we agree with the district court that Dal-Tile did not subject Aranda to conduct severe enough to affect a term, condition, or privilege of Aranda's employment.[1]

Second, Aranda claims that Dal-Tile unlawfully terminated her on the basis of her disability. The record conclusively establishes that Dal-Tile lawfully terminated Aranda pursuant to a neutral application of its leave of absence policy, which authorized Dal-Tile to terminate any employee who remained on leave for more than one year.

Third, Aranda claims that Dal-Tile discriminated and retaliated against her by failing to promote her. Aranda provided no evidentiary support for her claim that Dal-Tile's refusal to hire her for a posted Tool Crib Attendant position was discriminatory or retaliatory. The district court also correctly concluded that Aranda failed to identify any available unposted job opening for which she would have been qualified and to which she would have applied if Dal-Tile had given her the opportunity. Aranda notes that one of her supervisors remarked to her that a palletizer position was a "man's job," but she offers no evidence that Dal-Tile had an open palletizer position and failed to consider her.

Fourth, Aranda claims that Dal-Tile caused and exacerbated her workplace injuries. "The Texas Workers' Compensation Act is the exclusive remedy for work-related injuries with the exception of intentional injury."[2]

---

[1] *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009).

[2] *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985) (citations omitted).

No. 14-50205

Because the record contains no evidence that Dal-Tile intentionally caused her workplace injuries, the district court correctly ruled that the Texas Workers' Compensation Act barred Aranda's personal injury claims.

Aranda also raises several procedural challenges on appeal. She claims that the district court erroneously failed to consider her corrections to her deposition testimony when ruling on Dal-Tile's summary judgment motion. We have reviewed Aranda's proposed corrections and conclude they would not have created a genuine issue of material fact with respect to any of her claims.

Aranda also argues that the district court listed incorrect facts in the background section of its order. Assuming without deciding that the district court did so, Aranda has not identified any material error that would affect the result of the case.

Aranda faults the district court for denying her leave to file her own motion for summary judgment after the dispositive motions deadline expired. The district court was permitted to enforce its own scheduling order. Moreover, the record does not support relief to Aranda even if the court had allowed her to file a motion for summary judgment.

For the reasons stated above, as well as those stated in the district court's order, we affirm the district court's grant of summary judgment in Dal-Tile's favor.

AFFIRMED.